Nash, C. J.
 

 Two questions are presented by the record. The one relative to the privy examination of the feme covert, it is not necessary for us to consider. Another, which lies at the threshold of the defense, must be first disposed of. The land belonged in fee to Polly Kerns, who was the wife of Peter Kerns., Both of these persons died before the institution of this suit, and the lessor of the plaintiff is the heir-at-law of Polly Kerns. To meet this claim, the defendant al
 
 *228
 
 leges tbat Peter Kerns and his wife, Polly, for valuable consideration, sold and conveyed the land in question to one Swink, under whom he claims. If the deed produced by the defendant does convey the right of Mrs. Kerns, then the title is out of the lessor, and the action cannot be supported. That deed constitutes a part of the case, and operates only to convey to Swink the right, title and interest, which Peter Kerns had in the land,-and which was for his life only. It conveys away no interest belonging to Mrs. Kerns ; it does not purport, even, to do so. She is nowhere mentioned in the deed, but it evidences simply a contract, between Peter Kerns and Swink. It is trae, it attempts to convey the fee simple, but it only, conveys his interest. So far from its being the intention of the parties to embrace Mrs. Kerns’ interest in the land when executed, at that time neither Kerns nor Swink appear to have known that she had any interest; at least Swink did not. The case states that, sometime after the execution of tire deed, Swink learned that Kerns claimed the land through his wife, and being dissatisfied, upon his proposition, Mrs. Kerns, with the approbation of her husband, signed her name to the deed. This sufficiently shows that the contract of bargain and sale was solely between Kerns and Swink, without any view to the interest of Mrs." Kerns. This brings us to the main question in the case: Hid her signing and sealing the deed, under these circumstances, make her a party to it inlaw? We are of opinion that it did not. The conveyance from Kerns to Swink is dated 1st December, 1823, and, sometime afterwards, Polly Kerns signed and sealed the deed. The deed to Swink was then executed, and he had taken possession before Polly Kerns attempted to execute it. For all the purposes of a conveyance, she might as well have signed arid sealed a blank piece of paper. O.ur attention was called to the ease of
 
 Vanhook
 
 v.
 
 Barnett,
 
 4 Dev. 268, and to
 
 Smith
 
 v.
 
 Croker,
 
 5 Mass. Rep. 539. Neither of those cases control this. The action in the first was upon an administration bond, in which there was a blank left for the insertion of the names of the obligors. The name of Barnett was not inserted in the body of the bond, but he executed it with the other sureties.
 
 *229
 
 "We take it, that the obligors had all signed and sealed the bond before their names were inserted ib the body of it, and the only question on this point was, that in order to bind Barnett, it was sufficient that he should have executed it. So, in the case in Mass. Bep., which was an action against a surety upon a bond, the surety .signed the instrument before his name was inserted. The Court .held it to be immaterial. These decisions were correct, but they do not fit our case. There are .cases showing that it is not, in all instances, necessary for parties’ names to appear in the body of an obligation: If he execute^ it bjr signing and sealing, as in the case of an obligation to pay money absolutely or conditionally. If the obligation begins “ we promise to pay,” &c., all the parties who execute it are bound; or where, in such an instrument, a blank is left for the names of the obligors. But all these cases fall short, for the reason assigned herein-before to govern this. The conveyance by Peter Kerns takes not the slightest notice of any interest in the land, possessed by the wife, Polly. The deed was full and complete when Peter Kerns executed and delivered it, and the wife was no party to it. Nor did Swink bargain «for her rightj but for the husband’s. The only way whereby, in our law, a feme covert can convey her real estate, is by joining her husband in- the conveyance. It takes the place of the common law assurance by fine. Justice BlaoKstoNE, in the 2nd vol. of lps commentaries, page 355, says,
 
 “
 
 the fine is the usual, and almost the only safe, method wdiereby she can join in the
 
 sale,
 
 settlement, or incumbrance of any estate.” In order to assure the estate of the feme covert to the cognizee, she must be a party to the whole proceedings, and be privily examined. This mode of conveyance never was in force in this State. The conveyance by deed of bargain and sale, accompanied by the privy examination of the wife, being more expeditious and less expensive. In analogy to the conveyance by fine, she must be a party with her husband in the
 
 eonveijanee
 
 at the time it is executed. It is not sufficient that, at any subsequent period, she signs and seals the deed so previously made. At the time she attempted tp
 
 *230
 
 execute tbe deed, ber husband had no estate in it, she, therefore, could not joimhim in the sale at that time. The legal title to the premises is not in the defendant, but in the lessor of the plaintiff.
 

 Pee Cueiam. 51 Judgment affirmed.